IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROBERT CHARLES THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-644 |
| § | |
| W&T OFFSHORE, INC. et al., § | |
| § | |
| Defendants. § | |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

This admiralty case arises out of injuries sustained by Robert Thomas ("Plaintiff") while being transferred from the offshore supply vessel, MS. MIA, to an offshore production platform located on the Outer Continental Shelf. Now before the Court comes Defendants W&T Offshore, Inc. and W&T Offshore, L.L.C.'s (collectively "Defendants") Motion to Transfer Venue to the Western District of Louisiana. For the reasons stated below, Defendants' Motion is **DENIED**.[1]

### I. Background

Plaintiff allegedly suffered injuries to his lower back and legs on or about October 23, 2005, when the personnel basket transferring him struck the vessel's side, spilling workers onto the vessel's deck.. At the time of the accident, Plaintiff was a Louisiana resident, but he has since moved to Beaumont, Texas.

### II. Legal Standard

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

### III. Analysis

*A. Availability and Convenience of Witnesses and Parties*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810

F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that the availability and convenience of key witnesses would be increased by transfer to the Western District of Louisiana. To support this argument, Defendants have identified several key witnesses and provided brief outlines of their expected testimony. Defendants have identified four non-employee accident witnesses who reside in the Western District of Louisiana. They identified another non-employee eyewitness who resides in Alabama, which is obviously closer to the Western District of Louisiana than to this Court. Defendants have also identified two doctors who treated Plaintiff and live in the Western District of Louisiana. Finally, Defendants identified 13 additional individuals whom they believe were in the area at the time of the accident, but they have failed to provide a summary of their testimony, which the Court can deduce would likely be cumulative.

Plaintiff responds that while he was previously a resident of Louisiana, he is now a resident of Beaumont, Texas. Additionally, he argues that his current treating physician as well as his economist reside in the Southern District of Texas. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff has not shown why he would not be able to compel his current treating physician to attend trial or preserve his testimony by deposition. On the other hand, Plaintiff persuasively argues that the even Defendants' convenience would be served by a trial in Galveston, since they have recently relocated their headquarters to Houston.

This is a case with Parties and witnesses scattered across the Gulf Coast. Given Defendants' strong connection to this District, the Court requires a much higher showing of increased convenience to overcome Plaintiff's choice of forum. Accordingly, this factor weighs in favor of this Court's retention of the case.

*B. Cost of Trial*

The Western District of Louisiana is relatively close to this District, and there is no reason to believe that trial in either place would be substantially more expensive, especially where Defendants are headquartered in this District. This factor does not weigh for or against transfer.

*C. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendants have not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference than it might otherwise be afforded since Plaintiff does not reside in this District. *See, e.g.*, *Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). In the circumstances of this case, this factor does not weigh for or against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in Outer Continental Shelf waters off the coast of Louisiana. This would normally mean that the residents of this District have little interest in the outcome of this case. However, since Defendants are headquartered in this District, this analysis is made somewhat more complex. Residents of both Districts have an interest in this case, and therefore, this factor does not weigh for or against transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is not set for trial until November 6, 2006, so a transfer at this date would not produce significant delay. This factor does not weigh for or against transfer.

### IV. Conclusion

In close cases such as this, the Court gives deference to the Plaintiff's choice of forum, and that is the deciding factor in this case. The Court concludes that Defendants have not carried their burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendants' Motion to Transfer Venue is **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 20th day of July, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge